COOKS, J.,
dissenting.
hi respectfully dissent from the decision to affirm the trial court’s grant of summary judgment finding there were no genuine issues of material fact as to whether the suit brought by Plaintiffs prescribed.
I note initially that there is no dispute Plaintiffs timely filed a claim with the medical review panel on August 28, 2009 against several qualified healthcare providers. Under Louisiana law, this filing suspends the running of prescription against “all joint tortfeasors, including but not limited to providers, both qualified and not qualified to the same extent that prescription is suspended against the party or parties that are subject of the request for review.” La.R.S. 40:1299.47(A)(2)(a). This suspension of prescription against joint tortfeasors continues for ninety days following the notification of an opinion or dismissal of the medical review panel. Plaintiffs suit against Dexcomm filed on December 23, 2009, was well within the time during which prescription was suspended from running against any alleged joint tortfeasor. Thus, if Dexcomm is a joint tortfeasor, the suit against them was timely.
*1288 The majority initially declares, without discussion, that Dexcomm is not a healthcare provider covered by the Act. The concurring opinion correctly states that prescription can be suspended against a joint tortfeasor, even if that joint tortfea-sor is a “non-healthcare provider.” As set forth above, La.R.S. 40:1299.47(A)(2)(a) specifically provides the filing of the medical review panel |2suspends the running of prescription against all joint tortfeasors, including non-healthcare providers. Thus, Dexcomm, if it is established it is a joint tortfeasor, is covered under the Act.
Plaintiffs contended Dexcomm was a joint tortfeasor due to Dexcomm’s failure to communicate any of the Plaintiffs’ calls to their treating physician on Sunday, which led to a five hour delay before Mr. Milbert’s medical emergency of “compartment syndrome” was first noted by an emergency room physician. Plaintiffs also allege failure on the part of the emergency room staff and physicians, including Dr. Yerger, to timely assess, examine, diagnose and treat the surgical emergency. It was learned during discovery that Dr. Yer-ger had not been forwarded any messages from Dexcomm, despite a message from him to Dexcomm on Sunday to notify him, personally, if the Plaintiffs called him again. Thus, Plaintiffs named Dexcomm as a joint tortfeasor alleging it failed to timely contact the on-call physician, causing or contributing to a critical delay in diagnosis and emergency treatment of Mr. Milbert’s compartment syndrome injuries.
The majority opinion concludes, without explanation, that Dexcomm is not a joint tortfeasor in this matter. The concurring opinion agrees with this conclusion, explaining that “in order to fall within the terms, conditions, and limitations found in the Medical Malpractice Act, the claims against an alleged ‘joint tortfeasor’ must sound in medical malpractice and not in ordinary negligence.” I am admittedly confused as to what this conclusion means. It would appear to imply that non-healthcare providers, who by the nature of their job description do not take part in activities that “sound in medical malpractice,” can never be joint tortfeasors with healthcare providers. Further, the concurring opinion finds that Dexcomm’s failure to properly and timely relay telephone messages “may well be negligent, but it is clearly not medical malpractice,” and therefore cannot serve to | ¡jointly link its conduct with the healthcare providers’ failures in timely assessing and treating Plaintiffs condition.
To suggest that Dexcomm could not foresee that its negligent failure to convey a recent surgery patient’s calls to his surgeons (particularly considering one of the surgeons specifically instructed Dexcomm to notify him should Plaintiffs call) could have serious medical consequences for the patient, for which it could be jointly liable, flies in the face of Louisiana law. Dex-comm argument that it could not be a joint tortfeasor in a medical malpractice case because of “the lack of any relationship, contractual or otherwise, between Dex-comm and the Milberts” equally is nonsensical and contrary to the duty/risk analysis undertaken under Louisiana law. This lack of privity has absolutely nothing to do with determining whether Dexcomm’s failure to act combined with the negligence of the healthcare providers in bringing about the harm suffered by Plaintiff. Louisiana Civil Code article 2324(B) provides in pertinent part:
B. If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation.
The critical inquiry here is whether the answering service’s negligence in failing to call and alert Dr. Yerger combined with *1289 the healthcare providers’ negligence in causing Plaintiffs’ damages, which allegedly resulted from a delay in assessment and treatment of his ongoing condition. If so, they are jointly and divisibly liable. This is a question of fact that does not turn on Dexcomm’s status as non-healthcare providers or whether its negligence sound in medical malpractice or ordinary negligence.
Therefore, the grant of summary judgment in this matter was in error and I would reverse the trial court’s judgment and remand for further proceedings.